# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SANTRA RUCKER,**

    **Plaintiff,**

**v.**                                                                       **Civil Action No. 5:08cv108**
                                                                                             **(Judge Stamp)**

**SFF-HAZELTON,**

    **Defendant.**

## OPINION/REPORT AND RECOMMENDATION

On June 20, 2008, the Court received a letter from Santra Rucker ("Rucker"), an inmate at the Hazelton Secure Female Facility (SFF-Hazelton), in which she complains of various constitutional violations occurring against her and other inmates at SFF-Hazelton. In closing her letter, Rucker requests the Court's "help." Based on the substance of Rucker's letter, and her request for assistance, the Court construed the letter as a civil rights complaint and docketed the letter accordingly. Rucker was then notified that a case had been initiated on her behalf and of the $350 filing fee requirements. The Clerk also sent Rucker the forms for filing for *in forma pauperis* status.

On October 30, 2008, a review of the file showed that Rucker had not objected to the initiation of her case. However, Rucker had also not paid the required filing fee nor filed a request to proceed as a pauper. Therefore, the Court issued an Order to Show Cause why the case should not be dismissed for the failure to prosecute. On November 19, 2008, the Court received a document titled "Take Administrative and Judicial Notice 201 Pursuant to the Uniform Commercial Code 1-

207 Without Prejudice." In that document, Rucker asserts that she has never filed a civil suit in this Court against SFF-Hazelton. Rather, Rucker insists that she sent the Court a request for a copy of a tort claim. Nonetheless, Rucker asserts that the Court, of its own volition, generated this civil action on her behalf, and is now "forcing" her to show cause as to an "unconstitutional" payment of $350.

Upon a further review of Rucker's initial letter, it is clear that Rucker made no request for forms, specifically tort forms. Instead, Rucker complained of several conditions of her confinement which, if properly supported, could potentially raise constitutional issues. In addition, the only relief Rucker requested was the Court's "help." Because the Court's jurisdiction, and ability to help Rucker with her claims, is limited to a pending case or controversy, Rucker's letter was properly construed as a civil rights action. Moreover, the Court has not "forced" Rucker to do anything with respect to the $350 filing fee. This case was construed as a civil rights action based on Rucker's letter.

It seems clear from the fact that Rucker has not paid the filing fee, or filed a request to proceed as a pauper, and from her response to the Court's Show Cause Order, that Rucker did not intend to initiate a civil rights action in this case. However, as previously mentioned, neither did Rucker request any forms from this Court as she suggests.

Thus, for the reasons stated herein, the undersigned recommends that Rucker's letter, construed as a civil rights complaint (dckt. 1), be **DISMISSED without prejudice** from the active docket of this Court, that Rucker **NOT** be assessed the $350 filing fee.

This Court is not in a position to provide Rucker with the "help" requested in her original letter aside from directing the Clerk of this Court to provide her with forms for filing a tort claim.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to her last known address as shown on the docket.

DATED: December 1, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE