IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SANTRA RUCKER,

        Plaintiff,

v.                                                      Civil Action No. 5:08CV108
                                                                               (STAMP)

SFF-HAZELTON,

        Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[1] plaintiff, Santra Rucker, sent a letter to this Court in which she complains of several constitutional violations occurring against her and other inmates at SFF-Hazelton and requests the Court's "help." Accordingly, this Court construed the letter as a civil rights complaint pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), and commenced the above-styled civil action.

The case was referred to United States Magistrate Judge John S. Kaull for initial review and recommendation. Because the plaintiff had not paid the required filing fee nor filed a request to proceed as a pauper, the magistrate judge issued an order to show cause why the case should not be dismissed for failure to prosecute. In response, the plaintiff filed a document entitled

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

"Take Administrative and Judicial Notice 201 Pursuant to the Uniform Commercial Code 1-207 Without Prejudice." In that document, the plaintiff claimed that she never filed a civil suit against SFF-Hazelton, and that she only requested that the Court send her forms for filing a tort claim. Furthermore, the plaintiff asserts that the Court, of its own volition, generated this civil suit on her behalf, thereby, "forcing" her to show cause as to an "unconstitutional" filing fee. The magistrate judge issued a report and recommendation recommending that the plaintiff's complaint be dismissed without prejudice, and that the plaintiff not be assessed the filing fee.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The plaintiff did not file objections. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes

are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the plaintiff did not file objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

III. Discussion

The magistrate judge found that, upon further review of the plaintiff's original letter, the plaintiff made no request for tort claim forms. Indeed, the plaintiff complained of conditions of her confinement, which as the magistrate judge properly found, could potentially raise constitutional issues if supported.

Nevertheless, the magistrate judge found that because the plaintiff has not paid the filing fee, or filed a request to proceed as a pauper, and clearly did not intend to initiate a civil rights action based upon her response to the magistrate judge's show cause order, the plaintiff's letter, construed as a civil rights complaint, should be dismissed without prejudice. Instead, the magistrate judge directed the Clerk to provide the plaintiff with forms for filing a tort claim.

Following review of the record, this Court finds no clear error in the magistrate judge's recommendations. Accordingly, this Court concludes that the magistrate judge's recommendations concerning the plaintiff's letter, construed as a civil rights complaint, be affirmed and adopted.

## IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the plaintiff's letter, construed as a civil rights complaint, is DISMISSED WITHOUT PREJUDICE. Furthermore, the Clerk is DIRECTED to provide the plaintiff with appropriate forms for filing a tort claim. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     December 31, 2008

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE